**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,<br><br>Plaintiff,<br>v.<br><br>REAL ESTATE PLUS, INC.; SHARON R. FERRY; and DONALD FERRY,<br><br>Defendants. | Adv. Proc. No. ___________ (JKS) |

**COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE**

Plaintiff Michael Goldberg (the "Plaintiff" or "Trustee"), in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust, pursuant to the *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and Its Affiliated Debtors* dated August 22, 2018 (the "Plan") of the debtors in the above-captioned cases (the "Debtors"), hereby brings suit against Defendants Real Estate Plus, Inc. ("Real Estate Plus"), Sharon R. Ferry ("S. Ferry") and Donald Ferry ("D. Ferry" and together with Real Estate Plus, the "Defendants"), for turnover of property of Debtors' bankruptcy estates.

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard, #302, Sherman Oaks, California 91423.

## Parties

1. Plaintiff is the duly appointed trustee of the Woodbridge Liquidation Trust (the "Trust"), successor in interest to the Debtors. Pursuant to Paragraph 5.4 of the Plan, the *Findings of Fact, Conclusions of Law and Order Confirming the First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors,* entered on October 26, 2018 at paragraphs 13-15, and Article IV of the Liquidating Trust Agreement, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors through the Plan and to seek any and all related relief.

2. Upon information and belief, Defendant Sharon R. Ferry is an individual, a resident of the State of Delaware, and a former investor with the Debtors. Upon information and belief Defendant Donald Ferry is an individual, a resident of the State of Delaware. Upon information and belief, the Defendant Real Estate Plus, Inc. is a corporation formed under the laws of the State of Delaware that is owned and controlled by D. Ferry.

## Background

3. Commencing with the first filings on December 4, 2017, and continuing with other filings through March 27, 2018, Debtors Woodbridge Group of Companies, LLC, *et al*., each commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases are jointly administered under Case No. 17-12560 (BLS).

4. The Plan was confirmed on October 26, 2018, and became effective on February 19, 2019.

5. On or about November 18, 2019 the Trust filed a complaint (the "Complaint") against S. Ferry with the Bankruptcy Court, designated as Adversary Proceeding No. 19-50831 (the "Adversary Proceeding"). The Complaint sought to recover alleged preferential transfers S. Ferry received in principal and interest payments on account of her investment in the Debtors under applicable provisions of the Bankruptcy Code in the amount of $42,371.07 (the "Transfers").

6. Real Estate Plus, an entity owned and controlled by the D. Ferry, held outstanding investments with the Debtors in principal amounts totaling $175,000.00, and, on or about June 29, 2018, it filed Claim Nos. 9200 and 9201 in the amounts of $100,000.00 and $75,000.00, respectively, as alleged secured claims (the "Real Estate Plus Filed Claims"). After factoring in $13,930.49 of pre-petition distributions received, a Class 3 claim was allowed in the net amount of $161,069.51, and 2,254.97 Class A interests in the Trust were granted to Real Estate Plus.

7. On or about March 9, 2021, the Trust and S. Ferry and Real Estate Plus entered into a *Settlement Agreement* (the "Settlement Agreement") that resolved the Adversary Proceeding. A copy of the Settlement Agreement is attached hereto as **Exhibit A**. Pursuant to the Settlement Agreement, Defendants agreed to waive any filed or scheduled claims in the Debtor's Bankruptcy Case, including the Real Estate Plus Filed Claims, including the right to assert any claim cognizable under 11 U.S.C. § 502(h). Real Estate Plus agreed to have its Class A interests in the Trust cancelled and not be entitled to receive any further distributions from the Trust. D. Ferry executed the Settlement Agreement in his capacity as "Executive Agent" and "Major Stockholder/Controller" of Real Estate Plus.

## Jurisdiction and Venue

8. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and § 1334(a). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).

9. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

10. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, Bankruptcy Code sections 105, 541 and 542 and 28 U.S.C. § 2201.

## General Allegations

11. Following entry of the Settlement Agreement, the Trust inadvertently paid and Real Estate Plus received the following distributions (the "Distributions"):

| Check Number | Payable Date | Status | Clear Date | Amount |
|---|---|---|---|---|
| 905062235 | 07/15/2022 | Cashed | 07/21/22 | $12,695.48 |
| 905056230 | 03/03/2022 | Cashed | 03/11/22 | $7,757.10 |
| 905047168 | 10/29/2021 | Cashed | 11/10/21 | $7,757.10 |
| 905041324 | 06/15/2021 | Cashed | 06/21/21 | $5,817.82 |

12. Real Estate Plus is not entitled to receive distributions from the Trust pursuant to the Settlement Agreement. Defendants waived any filed and scheduled claims in the Debtors' Bankruptcy Case, including the Real Estate Filed Claims, and agreed they were not entitled to receive any distributions from the Trust.

13. The Trustee has demanded Defendants return the Distributions in their possession, custody or control to the Trust.

14. Despite being requested to do so, the Defendants have failed and refused and continue to fail and refuse to turn over the Distributions to the Trust.

15. Accordingly, pursuant to Bankruptcy Code section 542, the Defendants should be compelled to immediately turn over and deliver to the Trust the Distributions in their possession, custody or control.

**FIRST CLAIM FOR RELIEF**
**(TURNOVER – 11 U.S.C. § 542)**

16. Plaintiff hereby repeats and realleges each of the above paragraphs as though fully set forth herein.

17. Defendants are in possession, custody or control of the Distributions as of the date of this Complaint.

18. The Distributions that are in the possession, custody or control of Defendants constitutes property of the Debtors' bankruptcy estate pursuant to section 541(a) of the Bankruptcy Code.

19. The Trust has the power and authority to take possession, custody or control of the Distributions.

20. The Trustee has made demand for turnover of the Distributions pursuant to section 542 of the Bankruptcy Code. As of the date of this Complaint, Defendants have not turned over the Distributions to the Trustee.

21. Pursuant to sections 105(a) and 542(a) of the Bankruptcy Code, the Defendants must deliver the Distributions to the Trustee.

**SECOND CLAIM FOR RELIEF**
**(VIOLATION OF THE AUTOMATIC STAY – 11 U.S.C. § 362)**

22. Plaintiff hereby repeats and realleges each of the above paragraphs as though fully set forth herein.

23. Defendants continue to exercise dominion and control over the Distributions, and Defendants' conduct in refusing to turn over the Distributions to Plaintiff constitutes an act to exercise control over property of the Debtors' estates, within the meaning of Bankruptcy Code §362(a)(3)

24. Defendants' violation of the automatic stay was and is intentional and willful.

25. Plaintiff is entitled to turnover of the Distributions plus sanctions in the amount according to proof, including costs of action and attorneys' fees.

**THIRD CLAIM FOR RELIEF**
**(QUANTUM MERUIT/UNJUST ENRICHMENT)**

26. Plaintiff hereby repeats and realleges each of the above paragraphs as though fully set forth herein.

27. Defendants received the Distributions despite waiving and any all claims and agreeing that they were not entitled to distributions from the Trust.

28. Defendants have unjustly benefited from the receipt of the Distributions from the Trust.

29. Plaintiff is entitled to judgment in the amount of the Distributions, including costs of action and attorneys' fees

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a determination and judgment on the First Claim for Relief compelling Defendants to turn over the Distributions;

2. For a determination and judgment on the Second Claim for Relief that Plaintiff is entitled to sanctions in an amount subject to proof for Defendants' refusal to turn over the Distributions voluntarily, an intentional and willful violation of the automatic stay;

3. For a determination and judgment on the Third Claim for Relief that Plaintiff is entitled to recover from the Distributions from Real Estate Plus;

4. For costs of suit incurred herein, including reasonable attorney's fees; and

5. For such other and further relief as the Court may deem just and proper.

Dated: January 26, 2023

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*

Jason S. Pomerantz (CA Bar No. 157216)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
Wilmington, DE 91899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: jspomerantz@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to Plaintiff Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust*